IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE DIGITAL AGE MUSIC PUBLISHING, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. |
| v. | ) ) JURY DEMAND |
| MARK HALL, BERNHARD HERMS, PROVIDENT LABEL GROUP, LLC, CAPITOL CHRISTIAN MUSIC GROUP, INC. d/b/a SPARROW SONG, 1111 MANAGEMENT, INC. d/b/a G650 MUSIC, and SONGS OF UNIVERSAL, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff files this action for intentional infringement of its original composition titled "Hallelujah" and its original sound recording by the same name. Defendants are writers, publishers, record labels, and distributors of an infringing composition and infringing sound recording titled "Hallelujah." Defendants' infringing composition and sound recording incorporate note-for-note the entirety of Plaintiff's copyrighted works, add some new material between recitations of Plaintiff's works, and then purport to be new works. Defendants' actions are a blatant violation of Plaintiff's exclusive rights under the U.S. Copyright Act.

### THE PARTIES

1. Plaintiff is the owner of the two copyrighted works that are the subject of this infringement action.

2. Defendant Provident Label Group, LLC ("Provident") is a Delaware limited liability company with its principal place of business in Williamson County, Tennessee. Provident is a Christian music publisher and record label and is one of the publishers and/or administrators with respect to the infringing composition at issue. Provident is also the record label with respect to the infringing sound recording at issue.

3. Defendant Capitol Christian Music Group, Inc. ("Capitol") is a California corporation that is registered to do business in Tennessee and has offices in Williamson County, Tennessee. Capitol does business as "My Refuge Music." Capitol is one of the publishers and/or administrators with respect to the infringing composition at issue.

4. 1111 Management, Inc. d/b/a G650 Music is a California corporation that does business in Tennessee through its writer and/or agent Bernhard Herms. 1111 Management, Inc. is one of the publishers and/or administrators with respect to the infringing composition at issue.

5. Songs of Universal, Inc. ("Universal") is a California corporation that is registered to do business in Tennessee and has offices in Davidson County, Tennessee. Universal is one of the publishers and/or administrators with respect to the infringing composition at issue.

6. Mark Hall is a citizen and resident of Georgia. Mark Hall co-wrote the infringing composition at issue and delivered it the relevant publisher and/or administrator in Tennessee.

7. Bernhard Herms is a citizen and resident of Tennessee. Bernhard Herms co-wrote the infringing composition at issue.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*.

9. This Court has personal jurisdiction over Defendants because Defendants are conducting business in the State of Tennessee and have otherwise availed themselves of the jurisdiction of this Court.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

11. The original composition titled "Hallelujah" was written by Griffin Kelp in 2009 (the "Composition").

12. Subsequently, Mr. Kelp assigned the Composition to Asterisk Productions LLC d/b/a Wacotron 3000 ("Wacotron 3000"), which later assigned the Composition to Plaintiff.

13. The sound recording embodying the Composition (the "Sound Recording") was created in 2012 and assigned to Wacotron 3000. The Sound Recording was subsequently assigned to Plaintiff.

14. Therefore, Plaintiff owns the copyrights in and to the Sound Recording and the Composition, including the exclusive rights to copy, distribute and make derivative works of the same under the U.S. Copyright Act.

15. The Sound Recording and the Composition (collectively, the "Works") were registered for federal copyright protection on June 7, 2012, registration number SR0000701412.

16. In or around 2016, Defendants Mark Hall and Bernhard Herms wrote a composition titled "Hallelujah" ("Infringing Composition"), which was later embodied in a sound recording ("Infringing Sound Recording") (collectively, the "Infringing Works").

3
Case 3:18-cv-00451   Document 1   Filed 05/14/18   Page 3 of 6 PageID #: 3

17. Prior to writing the Infringing Composition, Mark Hall and Bernhard Herms had access to and were familiar with the Works. In fact, Mark Hall and Bernhard Herms intentionally incorporated the entirety of the Works into the Infringing Composition.

18. On September 16, 2016, Provident d/b/a Reunion Records released the Infringing Works on the Casting Crowns album "The Very Next Thing." Mark Hall is the lead singer of Casting Crowns.

19. Prior to the September 16 release, Defendants were well aware that the Infringing Works infringed upon Plaintiff's copyrighted Works.

20. In fact, prior to the September 16 release, Defendants contacted Plaintiff to attempt to obtain a license to use the Composition in the Infringing Sound Recording.

21. At that time, Plaintiff provided notice to Defendants that their Infringing Works violated Plaintiff's copyrights in and to the Sound Recording and Composition.

22. In an attempt to reach a resolution regarding Defendants' intentional infringement of the Works, the parties then proceeded to negotiate a resolution.

23. However, after Defendants did not obtain from Plaintiff the terms they wanted, Defendants withdrew from negotiations and proceeded to intentionally and willfully, without Plaintiff's authorization, reproduce, distribute and create derivative works from the Works—specifically, the Infringing Composition and the Infringing Sound Recording. As a result, Plaintiff has been damaged.

24. The Infringing Composition is substantially similar to Plaintiff's Composition because the Infringing Composition incorporates Plaintiff's Composition in full.

25. The Infringing Composition is also substantially similar to Plaintiff's Sound Recording because the chorus of the Infringing Composition consists entirely of Plaintiff's Sound Recording.

26. Further, the Infringing Sound Recording is substantially similar to Plaintiff's Composition because the Infringing Sound Recording incorporates Plaintiff's Composition in full.

27. The Infringing Sound Recording is also substantially similar to Plaintiff's Sound Recording because the chorus of the Infringing Sound Recording consists entirely of Plaintiff's Sound Recording.

28. For instance, the structure of the Infringing Composition may be illustrated as follows (A = Matter created by Hermes and Hall, and B = Plaintiff's <u>entire</u> Composition):

| A | B | A | B | A | B |
|---|---|---|---|---|---|
| Verse | Chorus | Verse | Chorus | Bridge | Chorus |

29. In short, Herms and Hall took Plaintiff's entire song, added verses and a bridge, and the result was the Infringing Composition, which was then embodied in the Infringing Sound Recording.

## CAUSES OF ACTION

30. Plaintiff restates and incorporates herein the allegations set forth in the foregoing paragraphs.

31. Plaintiff sues all Defendants for direct copyright infringement under 17 U.S.C. § 101 *et seq*. as result of their actions set forth above.

5

32. Plaintiff sues Provident, Capital, 1111 Management, Inc. d/b/a G650 Music, and Universal for contributory and vicarious copyright infringement under 17 U.S.C. § 101 *et seq.* arising out of the actions of Hall and Herms in creating the Infringing Works.

33. Plaintiff sues Hall and Herms for contributory and vicarious copyright infringement under 17 U.S.C. § 101 *et seq.* arising out of the actions of Provident, Capital, 1111 Management, Inc. d/b/a G650 Music, and Universal in reproducing and distributing the Infringing Works.

WHEREFORE, Plaintiff demands:

1. A jury of six (6) to try this case;

2. All available remedies under the Copyright Act, including, without limitation, statutory damages for the two works at issue in an amount not less than $300,000.00, actual damages, Defendants' profits, a permanent injunction, impoundment and destruction of the infringing articles, pre-judgment interest, and costs and attorneys' fees; and

3. That Plaintiff be awarded such other and further relief as is just.

Respectfully submitted,

s/ Michael A. Johnson
W. W. Frank Wilbert (#23090)
Michael A. Johnson (#30210)
KAY GRIFFIN, PLLC
222 Second Ave. North, Suite 340-M
Nashville, TN 37201
(615) 742-4800
frank.wilbert@kaygriffin.com
michael.johnson@kaygriffin.com
*Attorneys for Plaintiff*